OPINION
Charles Ellington appeals from the judgment of the Montgomery County Common Pleas Court which granted Household Realty Corporation judgment in the amount of $47,128.42 against Eva Ellington on a certain promissory note and a declaration that Household's mortgage is a valid and first lien against real estate located at 331 Bungalow Road, Dayton, Ohio.
This litigation began on September 27, 1999, when Household filed a complaint in foreclosure contending that Eva Ellington had executed a promissory note on March 24, 1998, in the amount of $45,050, to New Century Mortgage Corporation and had defaulted in payment of the note. In a second cause of action, Household asserted that Eva Ellington had executed a mortgage deed on the Bungalow Road property to secure the property and the note and mortgage had been assigned by New Century to Household.
Charles Ellington was named as a defendant because a title search apparently revealed he might claim an interest in the subject real estate.
Household sought a money judgment on the promissory note and requested that the mortgage be foreclosed and all equities of redemption be extinguished, all liens properly marshaled, and the property sold upon execution free and clear of all liens and claims of all defendants.
On December 3, 1999, Charles Ellington answered denied the allegations of the complaint and moved to dismiss. In a memorandum filed contrary to the motion to dismiss, Household's counsel noted that Charles Ellington is the owner of the subject real estate as a result of a deed recorded January 19, 1999, subject to all mortgages of record.
On March 17, 2000, Household moved for summary judgment on its complaint and provided the affidavit of James M. Taylor, Foreclosure Specialist for Household, who stated Eva Ellington's account reflected a balance of $47,128.42, plus interest as of July 29, 1999.
On April 19, 2000, the magistrate recommended that Household's motion for summary judgment be granted. On May 1, 2000, Charles Ellington moved for a continuance to hire counsel. On May 10, 2000, the magistrate overruled the motion noting that the foreclosure action had been pending for seven months. On May 18, 2000, the trial court adopted the magistrate's recommendation and entered judgment accordingly.
In his brief, Charles Ellington contends Household raised Eva Ellington's monthly mortgage payment $200 after it was assigned the note and mortgage without legal justification.
Civ.R. 56(C) provides that summary judgment shall be rendered only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.
In this case, Household provided evidentiary material establishing that Eva Ellington was delinquent in the amount specified in the trial court's judgment. Defendant, Charles Ellington, did not respond to the motion until after the magistrate made his recommendation. The magistrate properly recommended that summary judgment be entered as requested by Household and the trial court's judgment was appropriate under Civ.R. 56(C). It is noteworthy that the defendant did not file objections to the magistrate's report as required by Civ.R. 53 to preserve factual and legal issues for appellate review. We also find no abuse of discretion present in the trial court's refusal to "continue" the matter when the complaint had been pending seven months. The assignment of error is OVERRULED.
The judgment of the trial court is AFFIRMED.
GRADY, P.J., BROGAN, J., and YOUNG, J., concur.